UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

JEAN CARRENARD,

                Plaintiff,

– against –

UNITED STATES OF AMERICA,

                Defendant.

**OPINION & ORDER**

22-cv-4933 (ER)

21-cr-0506 (ER)

Ramos, D.J.:

      Defendant-Petitioner Jean Carrenard brings this action, *pro se*, pursuant to 28 U.S.C. § 2255 to correct a 36-month sentence imposed by this Court on February 11, 2022. *See* "Petition" or Civ. Doc. 1; Cr. Doc. 37. Carrenard argues that the time he spent on bail during the pendency of his criminal case amounts to "official detention" that should be credited toward his federal prison sentence. *Id.* The Government filed their opposition on March 17, 2023. Civ. Doc. 7; Cr. Doc. 39. For the reasons set forth below, the Petition is DENIED.

## I.  BACKGROUND

      The Government's criminal case against Carrenard began on May 9, 2021, when it filed a criminal complaint charging him with three counts: (1) possession with intent to distribute narcotics, (2) use, carrying, and possession of a firearm, and (3) possession of a firearm by a felon. Cr. Doc. 1.

      Carrenard made his first appearance on May 10, 2021. Cr. Doc. 3. At the hearing, Magistrate Judge Sarah Netburn released Carrenard on a $100,000 bond, with pretrial supervision conditions including home detention, travel limitations to the Southern and Eastern Districts of New York, surrender travel documents, drug testing/treatment, and location monitoring. Cr. Doc. 3.

On August 9, 2021, the Government filed an indictment charging Carrenard with all three counts, Cr. Doc. 8, and on August 16, 2021, he was arraigned.

Carrenard remained out on bail during the pendency of his criminal case. The terms of his pretrial release were modified four times: (1) on June 3, 2021, to permit him to visit his 6-year old son living in Upper Manhattan, based on a schedule set by pretrial services, Cr. Doc. 5; (2) on November 24, 2021, to permit him to spend Thanksgiving at his mother's apartment in Manhattan, Cr. Doc. 18; (3) on December 22, 2021, to permit him to spend Christmas at his mother's apartment, Cr. Doc. 23; and (4) on February 9, 2022 to permit him to spend time at his mother's apartment from 8 am to 8 pm on February 10, 2022, Cr. Doc. 31.

On February 11, 2022, Carrenard pleaded guilty to count 3 of the indictment and was sentenced to 36 months' imprisonment. Doc. 33. He was immediately remanded, Cr. Doc. 35 at 15, and remained in the Government's custody until August 29, 2024, when he was placed on supervised release.[1]

Carrenard filed the instant Petition on June 10, 2022, asking the Court to grant "credit for time spent on home confinement." Civ. Doc. 1. The Government was directed

---

[1] The fact that Carrenard is no longer incarcerated does not moot his claim because he is still serving his sentence—his supervised release will expire on August 28, 2027. The power of federal courts is limited by the United States Constitution to resolving live "cases" and "controversies." U.S. Const. art. 3 § 2. This requirement means that "throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corporation,* 494 U.S. 472, 477 (1990)). "In the habeas context, if a petitioner challenges a conviction for which he is still serving a sentence, this linkage is obviously satisfied." *Cantoni v. Leclair,* No. 12-cv-4353 (VEC), 2015 WL 518226, at *9 (S.D.N.Y. Feb. 9, 2015). Moreover, the Court has jurisdiction over the Petition because when it was filed, Carrenard was a "prisoner in custody under sentence of a court." *See Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994). This would be true even if Carrenard was on supervised release at the time the Petition was filed. *See Farhane v. United States*, 77 F.4th 123, 137 n. 1 (2d Cir. 2023) (citing *Scanio*, 37 F.3d at 860) ("[A] petitioner who is subject to supervised release when he files a petition may be considered 'in custody' for purposes of [§] 2255(a)."); *See also Reyes-Sanchez v. Ashcroft*, 261 F. Supp. 2d 276, 283 (S.D.N.Y. 2003) (§ 2241 petition). Additionally, the release of a prisoner to complete a term of post-release supervision does not render a habeas petition moot, since the conditions of supervised release satisfy the custody requirement of § 2241 and § 2255. *See* Grant *v. Terrell*, No. 10-cv-2769 (MKB), 2014 WL 2440486, at *2 (E.D.N.Y. May 29, 2014) (citing *See Lopez v. Terrell*, 654 F.3d 176, 180 n. 2 (2d Cir. 2011) (§ 2241 petition); *Valdez v. Hulihan*, 640 F.Supp.2d 514, 515 (S.D.N.Y. 2009) (citing *Scanio*, 37 F.3d at 860) (§ 2255 petition).

2

to answer by August 15, 2022. Civ. Doc. 3. With no response from the Government, on March 17, 2023, Carrenard moved for default judgment. Civ. Doc. 5. The same day, the Government filed an opposition to the motion. Civ. Doc. 7. The Court therefore denied the motion for default judgment on March 20, 2023, and directed Carrenard to reply to the Government's opposition by May 13, 2023. Civ. Doc. 8. Having received no reply, on April 14, 2024, the Court issued an order directing Carrenard to file a reply by June 15, 2024, stating that "[f]ailure to do so may result in a dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." Civ. Doc. 9. Having received no reply from Carrenard, to date, the Court deems his § 2255 motion to be fully briefed.

## II. DISCUSSION

### A. 28 U.S.C. § 2255

Carrenard asks the Court to amend his sentence by crediting him for time purportedly spent in "official detention" before sentencing while his criminal case was still pending. Carrenard does not assert that the sentence of 36 months imprisonment was itself imposed unlawfully, but instead asserts that that his time under "24-hour house arrest" from May 9, 2021, to February 11, 2022, should count toward his 36-month sentence. Civ. Doc. 1 at 4.

As an initial matter, although the instant Petition was filed under 28 U.S.C. § 2255, it would be more appropriate under 28 U.S.C. § 2241. "A motion under § 2255 allows a federal prisoner to challenge only the legality of the original sentence, not the execution of a sentence." *United States v. Abernathy*, No. 21-cr-0323 (VM), 2023 WL 6977393, at *2 (S.D.N.Y. Oct. 23, 2023) (citing *Kaminski v. United States*, 339 F.3d 84, 87 (2d Cir. 2003); *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002)). A motion like Carrenard's, "which relates to computation of pre-trial detention credit and effectively challenges the BOP's execution of this Court's sentence, is properly brought under 28 U.S.C. § 2241 ("§ 2241")." *Abernathy*, WL 6977393, at *2 (citing *Chambers v. United*

3

*States*, 106 F.3d 472, 474-75 (2d Cir. 1997)) (recognizing § 2241 as the vehicle for challenges to the "computation of a prisoner's sentence by prison officials").

However, because Carrenard brought the Petition *pro se*, "it is the substance of the petition, rather than its form, that governs." *James*, 308 F.3d at 166. Accordingly, the Court construes and analyzes Carrenard's Petition as having been brought under § 2241. *See Chamber*s, 106 F.3d at 475. Even analyzed under § 2241, Carrenard's Petition has no merit.

### 1. Procedural Defects

According to the Government, Carrenard's Petition should be denied due to his failure to exhaust his administrative remedies. Civ. Doc. 7 at 2.

As the Government rightly notes, "a prisoner challenging the computation of a sentence must first 'exhaust administrative remedies' with the Bureau of Prisons 'prior to seeking relief in the district court for sentencing credit.'" *Abernathy*, WL 6977393, at *3 (citing *United States v. Martinez*, 19 F.3d 97, 99 (2d Cir. 1994). The Petition makes no reference to administrative remedies that Carrenard may have pursued with the Bureau of Prisons. Therefore, the Petition is procedurally improper and can be denied on that basis alone.

### 2. Bail Conditions As "Official Detention"

While Carrenard's failure to exhaust administrative remedies is, by itself, reason enough to deny Carrenard's Petition, the Court has considered the merits of Carrenard's Petition.

Under 18 U.S.C. § 3585(b), the Bureau of Prisons has the authority to credit a prisoner with time spent in "official detention" before the prisoner's sentence began. *See United States v. Wilson*, 503 U.S. 329, 333 (1992). Yet, "a prisoner is not entitled to sentencing credit for time spent during his release on bail." *Martinez*, 19 F.3d at 99; *see United States v. Edwards*, 960 F.2d 278, 283 (2d Cir. 1992) ("[A] defendant . . . who is released on bail pending sentence, is not entitled to sentencing credit for the time spent on

bail, during which he was placed under electronic monitoring and largely restricted to his residence, although such terms of release on bail ofttimes may be rather restrictive.").

Carrenard appears to assert that his bail conditions, which he describes as "home confinement," were so onerous that they amounted to "official detention." Civ. Doc. 1 at 4. However, "time spent in home confinement is generally not considered to be time in prison for which the defendant is afforded credit." *United States v. Masso*, 935 F. Supp. 2d 739, 740 (S.D.N.Y. 2013).

Carrenard's bail conditions were no more onerous than the monitoring that petitioners faced in *Edwards*, 960 F.2d at 283, and there the Second Circuit held that those conditions failed to meet the definition of "official detention" for which a prisoner could receive credit. The law is clear that Carrenard was not in "official detention" while he was out on bail, and the time he spent released on bail cannot be credited toward his sentence. Based on this alone, the Court would deny the Petition on its merits.[2]

## III.  CONCLUSION

For the reasons stated above, defendant-petitioner Jean Carrenard's motion to correct his sentence pursuant to 18 U.S.C. § 2241 is DENIED, and the case is DISMISSED. The Clerk of Court is respectfully directed to close case, 22-cv-4933.

---

[2] Even if his motion did not fail on the merits or for failure to exhaust administrative remedies, the Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*. *See LeSane v. Hall's Security Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash Railroad Company*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned, "*pro se* plaintiffs should be granted special leniency regarding procedural matters." *Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the [c]ourt gives warning." *Jacobs v. County of Westchester,* No. 99-cv-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008). For this reason as well, the Court would dismiss Plaintiff's case.

IT IS SO ORDERED.

Dated: September 18, 2024
       New York, New York

_____
EDGARDO RAMOS, U.S.D.J.